SUPPRESSED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 23-cr-30121 |
| | ) | |
| vs. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1001 |
| TIMOTHY P. RODGERS, | ) | 18 U.S.C. § 152 |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED

OCT 17 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## INDICTMENT

**THE GRAND JURY CHARGES:**

**COUNT 1**
**Wire Fraud**
**18 U.S.C. § 1343**

1. At all times material to this indictment:

a. Defendant TIMOTHY P. RODGERS ("RODGERS") was a resident of Edwardsville, Illinois within the Southern District of Illinois. RODGERS was a veteran of the United States Army, having served from January 2008 to October 2014.

b. The United States Department of Veterans Affairs ("VA") was an agency within the executive branch of the Government of the United States of America.

c. The VA managed a benefit program for veterans who were disabled by injury or disease incurred or aggravated during active-duty military service. Disability compensation varied with the degree of disability and the number of dependents, and was paid monthly.

d. Special Monthly Compensation was an additional tax-free benefit that was paid to Veterans, their spouses, surviving spouses and parents. For veterans, Special Monthly Compensation is a higher rate of compensation due to certain service-connected disabilities, including but not limited to, the residuals of traumatic brain injury, when that veteran is "in need of regular aid and attendance," and "in the absence of such regular aid and attendance, would require hospitalization, nursing home care, or other residential institutional care." 38 C.F.R. § 3.350(j).

2. From at least February 2016 through September 2023, in Madison County, within the Southern District of Illinois, and elsewhere, the defendant,

**TIMOTHY P. RODGERS**

knowingly devised and engaged in a scheme to defraud the VA of Special Monthly Compensation benefits by means of materially false and fraudulent pretenses, representations, and promises.

3. It was the object of the scheme to defraud that RODGERS received payment from the VA for Special Monthly Compensation benefits to which he was not entitled.

4. As part of the scheme to defraud, RODGERS provided materially false information to the VA concerning his physical condition and the extent of his disability, including but not limited to the following:

a. On October 19, 2018, during an examination for house bound status or permanent need for regular aid and attendance, RODGERS falsely claimed to the examining physician that he "stays at home most of the time," that he "leaves the house a few times per week for medical appointments and occasionally church

activities," and "[a]t home, he is mostly sedentary."

b. On May 31, 2019, during a second examination for house bound status or permanent need for regular aid and attendance, RODGERS told the examining physician's assistant that he required use of a walker to ambulate more than "25 feet." RODGERS claimed that he "leaves the home to attend medical appointments and has visited church twice in [the] last year for family member baptism. This is done with direct assistance from caregiver." RODGERS claimed that he was "reliant upon caregiver for meal preparation," "needs assistance with showering, perennial [sic] hygiene, transferring from bed, and toileting," and that his "caregiver manages all financial affairs." RODGERS claimed that "without caregiver assistance he would be in [an] advance care facility."

c. In connection with the completion of a questionnaire regarding seizure disability benefits dated May 31, 2019, RODGERS again falsely claimed that he could not drive, lift more than five pounds, or "stand or walk for prolonged periods."

5. As further part of the scheme to defraud, RODGERS electronically submitted numerous statements purportedly signed by friends and family to the VA which contained materially false information regarding his physical condition and the extent of his disability.

6. The VA relied upon the materially false information provided by RODGERS in awarding Special Monthly Compensation in addition to his monthly disability compensation. Specifically, in a June 12, 2019 rating decision, based on the determination that he was entitled to Special Monthly Compensation benefits, the VA

increased RODGERS' monthly rate of compensation from $3,910.44 to $9,129.06. RODGERS' monthly benefit was later increased to $10,600.92.

7. The VA also relied upon the materially false information to determine that RODGERS was entitled to Special Monthly Compensation beginning on an earlier date. As a result of this decision, the VA paid RODGERS a lump sum of Special Monthly Compensation backpay in the amount of $294,631.73 (hereinafter the "VA Backpay") on June 10, 2020.

8. On or about October 29, 2020, in Madison County, within the Southern District of Illinois, and elsewhere, defendant

**TIMOTHY P. RODGERS**

for the purpose of executing the scheme to defraud described above, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from the Federal Reserve Bank in East Rutherford, New Jersey to Navy Federal Credit Union in Merrifield, Virginia, that communication relating to the electronic transfer of $9,275.13 in VA compensation benefits into his bank account at Navy Federal Credit Union.

All in violation of Title 18, United States Code, Section 1343.

**COUNT 2**
**Wire Fraud**
**18 U.S.C. § 1343**

1. Paragraphs 1 through 7 of Count One of this indictment are realleged here.

2. On or about November 30, 2020, in Madison County, within the Southern District of Illinois, and elsewhere, defendant

**TIMOTHY P. RODGERS**

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from the Federal Reserve Bank in East Rutherford, New Jersey to Navy Federal Credit Union in Merrifield, Virginia, that communication relating to the electronic transfer of $9,275.13 in VA compensation benefits into his bank account at Navy Federal Credit Union.

In violation of Title 18, United States Code, Section 1343.

**COUNT 3**
**Wire Fraud**
**18 U.S.C. § 1343**

1. Paragraphs 1 through 7 of Count One of this indictment are realleged here.

2. On or about December 30, 2020, in Madison County, within the Southern District of Illinois, and elsewhere, defendant

**TIMOTHY P. RODGERS**

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from the Federal Reserve Bank in East Rutherford, New Jersey to Navy Federal Credit Union in Merrifield, Virginia, that communication relating to the electronic transfer of $9,395.71 in VA compensation benefits into his bank account at Navy Federal Credit Union.

In violation of Title 18, United States Code, Section 1343.

**COUNT 4**
**Wire Fraud**
**18 U.S.C. § 1343**

1. Paragraphs 1 through 7 of Count One of this indictment are realleged here.

2. On or about June 10, 2020, in Madison County, within the Southern District of Illinois, and elsewhere, defendant

TIMOTHY P. RODGERS

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from the Federal Reserve Bank in East Rutherford, New Jersey to Navy Federal Credit Union in Merrifield, Virginia, that communication relating to the electronic transfer of $294,631.75 in VA compensation benefits associated with the VA Backpay into his bank account at Navy Federal Credit Union.

In violation of Title 18, United States Code, Section 1343.

**COUNT 5**
**Wire Fraud**
**18 U.S.C. § 1343**

1. Paragraphs 1 through 7 of Count One of this indictment are realleged here.

2. On or about February 5, 2019, in Madison County, within the Southern District of Illinois, and elsewhere, defendant

**TIMOTHY P. RODGERS**

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from Madison County, Illinois to Janesville, Wisconsin, that communication relating to the transmission of a "sworn declaration" of J.R.

In violation of Title 18, United States Code, Section 1343.

**COUNT 6**
**Wire Fraud**
**18 U.S.C. § 1343**

1. Paragraphs 1 through 7 of Count One of this indictment are realleged here.

2. On or about March 26, 2019, in Madison County, within the Southern District of Illinois, and elsewhere, defendant

**TIMOTHY P. RODGERS**

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from Madison County, Illinois to Janesville, Wisconsin, that communication relating to the transmission of a "sworn declaration" of A.R.

In violation of Title 18, United States Code, Section 1343.

**COUNT 7**
**Concealing a Material Fact by Trick, Scheme or Device**
**18 U.S.C. § 1001(a)(1)**

1. From at least February 2016 through September 2023, in Madison County, within the Southern District of Illinois, and elsewhere, the defendant,

**TIMOTHY P. RODGERS**

did knowingly and willfully falsify, conceal, and cover up by trick, scheme and device a material fact in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, his actual physical capabilities as they related to his claim for Special Monthly Compensation.

2. In furtherance of the scheme, RODGERS submitted numerous statements purportedly signed by his friends and family to the VA which contained materially false information regarding his need for regular aid and attendance.

3. Specifically, RODGERS submitted various documents labeled as "Sworn Declarations" in support of his claim for Special Monthly Compensation, including, but not limited to:

a. A document labeled the "sworn declaration" of A.R. submitted on November 21, 2018, which falsely stated that without the family's "constant care, [RODGERS] would not be able to lead a normal life on his own."

b. A document labeled the "sworn declaration" of J.R., submitted on February 5, 2019, which falsely stated that J.R. knew "for a fact that his spouse manages his finances, administers his medication, helps him around the house with his mobility, plans and prepares meals, and is his VA certified caregiver" and "witnessed this during

multiple visits with his family."

c. A document labeled the "sworn declaration" of A.R. submitted on March 26, 2019, which falsely stated that A.R. provided "daily assistance and administration of his medication as well as prompts for oral hygiene," assisted RODGERS "with perennial [sic] hygiene" and bathing, that RODGERS used a walker to "help with ambulation around the house," and that RODGERS "is totally reliant upon [A.R.] and family members for transportation."

4. The VA relied upon the materially false information provided by RODGERS in awarding Special Monthly Compensation in addition to his monthly disability compensation. Specifically, in a June 12, 2019 rating decision, based on the determination that he was entitled to Special Monthly Compensation benefits, the VA increased RODGERS' monthly rate of compensation from $3,910.44 to $9,129.06. RODGERS' monthly benefit was later increased to $10,600.92.

5. The VA also relied upon the materially false information to determine that RODGERS was entitled to Special Monthly Compensation beginning on an earlier date. As a result of this decision, the VA paid RODGERS a lump sum of Special Monthly Compensation backpay in the amount of $294,631.73 (hereinafter the "VA Backpay") on June 10, 2020.

In violation of Title 18, United States Code, Section 1001(a)(1).

**COUNT 8**
**Making or Using a False Writing or Document**
**18 U.S.C. § 1001(a)(3)**

On or about March 26, 2019, in Madison County, Illinois, within the Southern District of Illinois, defendant

**TIMOTHY P. RODGERS**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States by submitting to the VA a fraudulent document labeled the "sworn declaration" of A.R.—purportedly signed by A.R.—in connection with his application to obtain VA benefits.

In violation of Title 18, United States Code, Section 1001(a)(3).

**COUNT 9**
**Concealment of Bankruptcy Assets**
**18 U.S.C. § 152(1)**

From on or about June 10, 2020 to February 10, 2022, in St. Clair County, within the Southern District of Illinois, in relation to a case under Title 11, *In re: Timothy P Rodgers and Ashley R Rodgers*, No. 20-30135 (S.D. Ill. Bankr.), which was filed with the Bankruptcy Court on February 20, 2020, defendant,

**TIMOTHY P. RODGERS**

did knowingly and fraudulently conceal from the trustee and his creditors property belonging to the bankruptcy estate, specifically $294,631.75 in VA compensation benefits received on June 10, 2020.

In violation of Title 18, United States Code, Section 152(1).

**COUNT 10**
**False Bankruptcy Declaration**
**18 U.S.C. § 152(3)**

In or about June 2022, in St. Clair County, within the Southern District of Illinois, in relation to a case under Title 11, *In re: Timothy P Rodgers*, No. 22-30346 (S.D. Ill. Bankr.), which was filed with the Bankruptcy Court on June 17, 2022, defendant,

**TIMOTHY P. RODGERS**

knowingly and fraudulently made materially false declarations, certificates, and verifications under penalty of perjury on a document filed with the bankruptcy court. Specifically, in answer to Question 5 of Form 107 – Statement of Financial Affairs for Individuals Filing for Bankruptcy, which asked "Did you receive any other income during this year or the two previous calendar years?", RODGERS failed to disclose his receipt of $294,631.75 in VA compensation benefits on June 10, 2020.

In violation of Title 18, United States Code, Section 152(3).

## FORFEITURE ALLEGATION

As a result of the foregoing offenses described in Counts 1 through 6 and 9 through 11,

**TIMOTHY P. RODGERS,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the violations alleged in Counts 1 through 6 and 9 through 11 of this Indictment. The property includes but is not limited to the following:

1. **United States funds, in an amount to be determined, constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the violations alleged in Counts 1 through 6 and 9 through 11 of this Indictment, less credit for any of the items listed below:**

2. **One 2021 Chevrolet Silverado Truck with Vehicle Identification Number: 1GCUYEED0MZ243196 with all accessories, attachments, and components thereon; and**

3. **One black 2021 Harley-Davidson FLTRX Road Glide with Vehicle Identification Number: 1HD1KHC19MB651069 with all accessories, attachments, and components thereon; and**

**Substitute property**

In the event that any of the above-listed property or funds, as a result of any acts or omissions of the defendant, 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty,

the defendant shall forfeit any other of his property up to the value of the property, pursuant to Title 18, United States Code, Section 853(p).

In addition, should any of the specific property identified in this indictment be found in whole or in part to be not directly forfeitable, the United States shall, pursuant to Title 18, United States Code, Section 853(p), seek the forfeiture of said property as substitute property instead.

A TRUE BILL

[redacted]

FOREPERSON

ZOE J. GROSS
Assistant United States Attorney

RACHELLE AUD CROWE
United States Attorney

Recommended Bond: Detention.