IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cr-30121-SPM |
| | ) | |
| TIMOTHY P. RODGERS, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S *EX PARTE*
MOTION TO REVOKE BOND**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, Zoe J. Gross, Assistant United States Attorney, and Scott A. Verseman, Assistant United States Attorney, moves for an order revoking Defendant's bond and remanding him to the custody of the United States Marshal pending a detention hearing in this case, and in support thereof states as follows:

1.      Defendant Timothy Rodgers was indicted in the Southern District of Illinois on October 17, 2023 with violations of wire fraud (18 U.S.C. § 1343), false statements (18 U.S.C. § 1001), concealment of bankruptcy assets (18 U.S.C. § 152(1)) and submitting a false bankruptcy declaration (18 U.S.C. § 152(3)). Doc. 1. Defendant was arrested and appeared for his initial appearance and arraignment before the Honorable Mark A. Beatty on November 9, 2023. Docs. 8, 11.

2.      The Government moved for Defendant's detention on the basis that Defendant was a flight risk and no conditions or combination of conditions would assure his appearance, that the Defendant posed a danger to the community, and that there was a serious risk that Defendant would obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a

1

prospective witness or juror. Doc. 7. A detention hearing was held on November 13, 2023 and again on November 29, 2023. At the detention hearing, the Government argued, *inter alia*, that it had legitimate concerns for the safety of two witnesses in the case, specifically, Defendant's estranged wife (A.R.) and his father-in-law (J.Z.). These concerns were based on past instances of violence by the Defendant against A.R. and J.Z. and a violation of an order of protection. The Government's concern has always been that the Defendant poses a risk of violence and intimidation against A.R., J.Z., and other witnesses in this case and that he will not be deterred by the court's orders.

3.      After a temporary order of detention was issued on November 13 and again on November 29, Defendant was released on bond with conditions on December 1, 2023. Doc. 22. In addition to many of the standard and some specific conditions, the court ordered that the Defendant avoid all contact with A.R., submit to an electronic monitor and home incarceration, and not violate any federal, state or local law while on release.

4.      On June 1, 2024, Defendant filed a motion to modify his bond conditions, requesting that the court modify his bond conditions from home incarceration to curfew restrictions with electronic monitoring. Doc. 47. The Government objected to this modification, again stating its concerns for the safety of witnesses in the case. A hearing on the Defendant's motion was held on June 17, 2024. On June 21, 2024, the court modified Defendant's condition of home incarceration to a curfew and ordered a no-contact order with J.Z. Doc. 51. In this order, the court expressly reminded Defendant of his no-contact order with respect to A.R.

5.      Defendant has violated the terms and conditions of his bond. On July 11, 2025, United States Probation Officer Matthew Blacharczyk submitted a bond violation report to the Court, alleging that on July 10, 2025, Defendant was charged in Madison County, Illinois for

2

committing the following offenses on June 1, 2025: aggravated domestic battery (class 2 felony), two counts of aggravated criminal sexual abuse (class 2 felony), attempted criminal sexual assault (class 2 felony), domestic battery (class A misdemeanor), and a violation of an order of protection (class A misdemeanor). The victim of these offenses is H.W., who is anticipated to be a witness in this case.

6.      In addition to violating the terms of bond by committing these state offenses, the bond violation report details other recent violations by the Defendant, including failure to report contact with law enforcement on July 3, 2025, and failing to refrain from the use of alcohol on numerous occasions.

7.      Based on the information provided by the United States Probation Office, there is probable cause that Defendant has violated the terms and conditions of his bond.

WHEREFORE, based on the above, the United States of America moves for an arrest warrant and for the temporary detention of Defendant to permit revocation of Defendant's conditional release, pursuant to Title 18, United States Code, Section 3148(b).

Respectfully submitted,

UNITED STATES OF AMERICA,

STEVEN D. WEINHOEFT
United States Attorney


ZOE J. GROSS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
Email: zoe.gross@usdoj.gov

3