IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
                      Plaintiff,    )
                                    )
          vs.                       )   Case No. 23-cr-30121-SPM
                                    )
TIMOTHY P. RODGERS,                 )
                                    )
                      Defendant.    )

## <u>UNITED STATES OF AMERICA'S MOTION TO EXCLUDE TESTIMONY</u>

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Zoe J. Gross, Assistant United States Attorney for said district, hereby moves the Court to exclude improper testimony and proceed with ruling on Defendant's pending motions (Docs. 142 and 143) without an evidentiary hearing.

1.      Currently pending before this Court are two motions filed by the Defendant, a motion to dismiss the Indictment (Doc. 143) and a motion to stay the criminal proceedings pending the resolution of Defendant's pending Veterans Affairs case (Doc. 142). Defendant has requested an evidentiary hearing prior to the Court ruling on these motions and a status conference is set for August 19, 2026 to determine the date of that hearing (Doc. 151).

2.      The fundamental question before the Court is whether the criminal case can proceed to trial while Defendant's administrative matters are still pending. As previously briefed by the Government in its responses in opposition to Defendant's pending motions

1

(Docs. 144, 145), this is a purely legal question that has been clearly decided by the Seventh Circuit. *See United States v. Roberts*, 534 F.3d 560, 568 (7th Cir. 2008) (holding that the criminal prosecution for wire fraud was independent of the VA administrative review process). The fact that the Defendant is engaged in administrative proceedings has no impact on the ability of the criminal case to proceed, and there are no factual questions before this Court that need to be explored in an evidentiary hearing.

3.      Defendant has provided the Government with a declaration of its proposed witness, Attorney Kenneth Carpenter. In this declaration, Mr. Carpenter expresses his non-expert opinion that Defendant will be successful in his current administrative appeal based on procedural grounds. However, as Mr. Carpenter admits, even if Defendant wins that appeal, the VA can still issue a new rating decision based on the same allegations of fraud and reduce Defendant's benefits. Further, if Defendant loses his current appeal, he still has additional appellate avenues before his administrative case is fully resolved, potentially lasting for years. as Again, because "the criminal prosecution is independent of the administrative review process." *Roberts*, 534 F.3d at 568, the Court need not hear testimony from a witness regarding his prediction of the outcome of an administrative appeal that does not impact this case or the Court's ability to rule on the pending motions.

4.      To be clear, the BVA is *not* reviewing whether Defendant lied to the VA to obtain his benefits or committed fraud. The materially false statements alleged in the Indictment are *not* being evaluated by the BVA for truthfulness. And any ruling made by the BVA on Defendant's administrative appeal will *not* have an impact on the jury's

2

ability to determine if Defendant committed wire fraud and made false statements in connection with his application for VA benefits.

5.    Finally, if the Court elects to proceed with an evidentiary hearing, Defendant's proposed witness should not be qualified as an expert witness and should not be permitted to provide opinion testimony to the Court. The Government has reviewed Mr. Carpenter's declaration and provided qualifications. Mr. Carpenter is an attorney who represents veterans before the various Veterans Courts. Although he claims he has previously been hired to consult in criminal proceedings, Mr. Carpenter has never before testified in a deposition or provided in-court testimony, and has not been previously qualified as an expert by a court. He has not established an understanding of criminal law or Seventh Circuit precedent. His declaration contains his "professional opinion" that Defendant will be successful before the BVA, but this is not proper expert testimony and fails to meet the *Daubert* test.[1] Even more crucially, it is not relevant to the purely legal question before this Court as the two proceedings are wholly independent.

WHEREFORE, the United States respectfully requests that the Court proceed with ruling on Defendant's pending motions (Docs. 142 and 143) without an evidentiary hearing. If an evidentiary hearing is held, the Court should exclude improper opinion testimony from Defendant's proposed "expert."

---

[1] This testimony seems akin to, for example, a defense attorney who has experience personally litigating Fourth Amendment issues providing an "expert opinion" in a separate case about whether or not specific Government action was constitutional. This would invade the province of the Court and would not be appropriate testimony in reference to a purely legal determination.

3

Respectfully submitted,

UNITED STATES OF AMERICA,

STEVEN D. WEINHOEFT
United States Attorney

ZOE J. GROSS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
zoe.gross@usdoj.gov

4